IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jon Wynn Jarrard, Sr., | C/A No. 5:23-cv-2588-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Warden Wilfredo Martell, | |
| Respondent. | |

Jon Wynn Jarrard, Sr. ("Petitioner"), a pro se former state prisoner,[1] filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 61.] In the Report, the magistrate judge recommends granting Respondent's motion for summary judgment, ECF No. 41, and denying the petition. Petitioner has filed objections to the Report. [ECF Nos. 63, 67.] For the reasons outlined below, the court adopts the Report and grants Respondent's motion for summary judgment.

## BACKGROUND

The Report sets forth a more detailed history of Petitioner's case, which the court adopts. But, for purposes of this order, an abbreviated history will suffice.

In January 2011, a Horry County grand jury indicted Petitioner for lewd act on a minor, and, in April 2011, he was further indicted for criminal sexual conduct with a minor, first degree. In June 2012, Petitioner went to trial before a jury and the Honorable Larry B. Hyman, Circuit

---

[1] Petitioner was incarcerated at the time he filed his petition, but he has since been released from custody.

Court Judge.  Petitioner was represented by T. Kirk Truslow, Esquire, and Senior Assistant Solicitor Candice A. Lively represented the State.  The jury found Petitioner guilty, and the trial court sentenced him to fifteen years' imprisonment.

Petitioner appealed his sentence, raising the following issue: "Did the trial court err when it allowed the State to proceed under § 16-3[-]655(A)(2) for the sole purpose of circumventing the traditional rules of evidence and to use the Defendant[']s prior conviction, as propensity evidence in violation of due process?"  [ECF No. 40-6 at 46.]  The South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished opinion.  *State v. Jarrard*, No. 2014-UP-470, 2014 WL 7231400 (S.C. Ct. App. Dec. 17, 2014).  Petitioner filed a petition for writ of certiorari with the South Carolina Supreme Court, which initially granted the writ but then, following briefing, dismissed it as improvidently granted.

In August 2016, Petitioner filed a pro se post-conviction relief ("PCR") application, which was subsequently amended.  Following an evidentiary hearing in November 2018, where Petitioner was represented by counsel, a state court denied the PCR application and dismissed it with prejudice.  The PCR court's order of dismissal was entered on April 6, 2020, and the findings of facts and conclusions of law from that seventy-six page order are reproduced in the Report. [ECF No. 61 at 3–49; *see also* ECF No. 40-8 at 16 through ECF No. 40-9 at 32.]  Petitioner filed a motion for reconsideration, which was denied.

Petitioner appealed the order of dismissal, raising the following issues:

I.      Did trial counsel provide ineffective assistance in derogation of the Sixth and Fourteenth Amendments to the United States Constitution by failing to object to the testimony of a forensic interviewer regarding the process she used for the forensic interview, which included an indirect comment on Minor's veracity, and by failing to object to the forensic interview itself, which contained multiple comments by the forensic interviewer that she believed Minor?  In the alternative, to the extent trial counsel's objection preserved this issue for direct appeal, did appellate counsel violate

2

Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of appellate counsel by failing to raise this issue on appeal?

II.    In violation of Petitioner's right to the effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments, did trial counsel fail to object to the testimony of a forensic interviewer, who was qualified as an expert in child sexual assault examinations, that improperly bolstered Minor's testimony?

III.    Did trial counsel's failure to object to the solicitor's improper closing argument in which she vouched for the credibility of the state's star witness and placed the imprimatur of the government on the witness violate Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments?

[ECF No. 40-10 at 4.]  The case was transferred to the South Carolina Court of Appeals, and that court denied the petition for writ of certiorari.  The remittitur was issued in September 2022.

Petitioner initiated this action in June 2023, by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  [ECF No. 1.]  He subsequently moved to amend his petition twice, and his motions were granted by the court.  [ECF Nos. 19, 20, 23, 24.]  On November 6, 2023, Respondent filed a motion for summary judgment, which is fully briefed.  [ECF Nos. 40, 41, 50, 54, 57.]  On July 12, 2024, the magistrate judge issued the Report that is the subject of this order, recommending the court grant Respondent's motion for summary judgment.  [ECF No. 61.]  Petitioner filed objections to the Report on July 22, 2024.  [ECF No. 63.]  Respondent replied on August 2, 2024, and Petitioner subsequently filed his own reply.  [ECF Nos. 65, 67.]  Thus, the matter is now ripe for consideration by this court.

## LEGAL STANDARDS

### I.    Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to the court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In response to a recommendation,

any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews de novo only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## II.    Review of a Motion for Summary Judgment

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of proving he is entitled to summary judgment by

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmoving party must then show that a material fact is genuinely disputed. In determining whether of a genuine issue of material fact exists, the court must draw all justifiable inferences in favor of the nonmoving party. *See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.    Review of a Petition for Writ of Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court cannot grant an application for a writ of habeas corpus with respect to any claim adjudicated on the merits in a state court proceeding unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). The AEDPA standard of review is "highly deferential" to the state court. *Davis v. Ayala*, 576 U.S. 257, 269 (2015). To obtain relief, "a state prisoner must show that the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Moreover, the state court's factual findings are

presumed to be correct, and the petitioner must rebut that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## DISCUSSION

Having reviewed the record, the briefs of the parties, and the Report, the court finds the magistrate judge recited the applicable standards for review under § 2254 and correctly applied them.  The magistrate judge recommends that the court grant Respondent's motion for summary judgment based on her application of the applicable federal law to the facts of this case.  [ECF No. 61.]  The court agrees with the magistrate judge's reasoning and adopts the Report in full. Petitioner objects, and the court addresses Petitioner's objections below.

## I.    The Court's Review of Petitioner's Briefing

Petitioner repeatedly claims that "no one" has read his filings in this case, and he faults the court for "basically sen[ding him] back a copy of the PCR Judge's ruling in [his] case."  [ECF No. 63 at 2.]  He claims there are factual errors that have persisted throughout this case.  *Id.*

The court overrules these objections.  Initially, it is very clear to the court that both Respondent's counsel and the magistrate judge read Petitioner's briefs, as Respondent's own filings and the Report directly address the arguments raised in Petitioner's submissions.

As to the verbatim recitation of the PCR court order in the Report, that was not improper. Indeed, this court's inquiry must start with the PCR court's findings, as Petitioner is only entitled to habeas relief if he can demonstrate the state court's decision was contrary to, or an unreasonable application of, federal law or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254.

Finally, to the extent Petitioner asks this court to correct purported errors in the facts found by the state court, that is not this court's role.  As stated by the Supreme Court, a principle of

habeas law is that "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  And the court must be mindful of that as it reviews Petitioner's claims.  Further, § 2254 expressly states "a determination of a factual issue made by a State court shall be presumed to be correct[,]" and it is Petitioner's burden to rebut that "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

For all of these reasons, Petitioner's initial general objections to the Report are overruled.

## II.    Grounds Not Properly Before the Court

For the remainder of Petitioner's objections, he refers the court to his response in opposition to Respondent's motion for summary judgment and "Attachment 1" to that response— together, those documents total 105 handwritten pages detailing Petitioner's grounds for relief. *See* ECF No. 63 (citing ECF Nos. 50, 50-1).  However, as detailed in the Report, the majority of these claims are not properly before this court as they are either procedurally-barred or are not cognizable in this action.  The only claims properly preserved for this court's review are those that were raised to and ruled upon by the lower state courts and then raised in Petitioner's direct or PCR appeals.

### A.    Procedurally-Barred Grounds

As set forth in the Report, Petitioner raised one ground in his direct appeal and three grounds in his PCR appeal.  All other grounds for relief that Petitioner raised in this action are procedurally barred.  [ECF No. 61 at 65.]  The following objections relate to claims that are procedurally barred here:

- "The Solicitor used knowingly false testimony, hearsay, coercion and lies in my

case[,]" ECF No. 63 at 3 (citing ECF No. 50-1 generally);

- "Knowingly False Testimony[,]" *id.* at 4 (citing ECF No. 50-1 at 10–28);

- "Misleading the Jury[,]" *id.* at 4–5 (citing ECF No. 50-1 at 29–31);

- "Solicitor Lying[,]" *id.* at 5 (citing ECF No. 50-1 at 31–37);

- "Coercing of Witnesses[,]" *id.* at 5 (citing ECF No. 50-1 at 37–49);

- "More of the Solicitor Lying[,]" *id.* at 5 (citing ECF No. 50-1 at 49–50);

- "Petitioner denied his right to confront all witnesses[,]" *id.* at 5 (citing ECF No. 50-1 at 50–55);[2]

- "Solicitor Vouching not proving all elements of Lewd Acts charge, lying to the Jury[,]" *id.* at 5 (citing ECF No. 50-1 at 55–61);[3]

- "Judge commenting on the facts of the case in front of the Jury[,]" *id.* at 6 (citing ECF No. 50-1 at 63–65);

- "Judge made an impermissible charge to the Jury and demonstrates that he is biased[,]" *id.* at 6 (citing ECF No. 50-1 at 65–67);

- "Judge abused his discretion[] by allowing the forensic interview over . . . defense's objections that it was hearsay[,]" *id.* at 6 (citing ECF No. 50-1 at 67–70);

- "I was denied my due process by the amount of bolstering allowed during the trial and by my attorney not objecting to it and by eliciting more bolstering from witnesses during the trial[,]" *id.* at 7 (citing ECF No. 50-2 at 89–102);

- "The judge abused his discretion and violated my right to due process and presumption of innocence[,]" *id.* (citing ECF No. 50-1 at 71–73; ECF No. 50-2 at 75–89);

- "My attorney was totally unprepared for trial[,]" *id.* at 8 (citing ECF No. 50-1 at 82–93).

Not all of the above issues are procedurally barred for the same reason.  Some claims were

---

[2] There are multiple arguments in this section of Petitioner's brief.  At least one is preserved for this court's review and will be addressed in greater detail below.  But others are not preserved.
[3] Again, Petitioner's arguments under this section are broader than the claim raised in his PCR appeal.  The preserved issues are addressed below.

never raised to the state courts—either at trial or in PCR. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" in order to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Others were raised to the PCR court but were dismissed because they were issues that cannot be raised in post-conviction relief actions according to state law. *See* ECF No. 40-9 at 29–30, 31 ("Issues which could have been raised at trial or on direct appeal are not cognizable in an action for post-conviction relief." (citing S.C. Code Ann. § 17-27-20(b); *Simmons v. State*, 215 S.E.2d 883 (S.C. 1974))); *see also Coleman v. Thompson*, 501 U.S. 722 (1991) (explaining that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Still others were raised to and ruled upon by the PCR court, but, because they were not raised in Petitioner's PCR appeal, they are procedurally barred at this stage. *Mahdi v. Stirling*, 20 F.4th 846, 893 (4th Cir. 2021) ("[A] claim is procedurally barred if the petitioner 'fail[s] to raise [it] in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision.'").

When a procedural bar applies, a petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice in order to overcome the default. *See* ECF No. 61 at 58–62 (summarizing exhaustion and procedural default). As explained in the Report, Petitioner has failed to adequately articulate and demonstrate cause and prejudice as to any of his procedurally-barred grounds. *See id.* at 62–65. Petitioner's objections do not address the procedural bars that apply to his claims, nor does he appear to object to the application of the procedural bar. For the most part,

9

his objections go to the merits of his underlying claims.[4]  But, absent cause and prejudice or a fundamental miscarriage of justice, the court cannot consider the merits of those procedurally-barred claims.  Accordingly, all of Petitioner's objections related to procedurally-barred grounds are overruled.

### B.    Not Cognizable Grounds

Other grounds that Petitioner raises in his petition and then addresses in his objections are not cognizable in habeas corpus—that is, they are grounds that the court cannot consider.

### 1.    Alleged Error in the PCR Proceedings or by the PCR Court

For instance, Petitioner is not entitled to habeas relief on any claims that the PCR court committed error because errors during PCR actions are not cognizable on federal habeas review. *See Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998).  To the extent Petitioner's objections

---

[4] To the extent his objections could be construed as raising the same cause and prejudice he discussed in response to the motion for summary judgment, the court agrees with the magistrate judge's disposition of those arguments.  *See* ECF Nos. 50 at 2; 61 at 62–65.  That is, generally, attorney negligence does not establish cause for a procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991).  In *Martinez v. Ryan*, 566 U.S. 1, (2012), the Supreme Court announced an equitable exception to that general rule whereby habeas petitioners who demonstrated they received ineffective assistance of PCR counsel could overcome the procedural default of a "substantial" claim of ineffective assistance of trial counsel.  However, the Supreme Court has declined to extend *Martinez* beyond those particular circumstances.  *See Davila v. Davis*, 582 U.S. 521, 529 (2017) (declining to extend *Martinez* to allow review of a procedurally-defaulted claim of ineffective assistance of appellate counsel); *see also Crowe v. Cartledge*, C/A No. 9:13-cv-2391-DCN, 2014 WL 2990493, at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default.").  Accordingly, if Petitioner is arguing that PCR appellate counsel was ineffective, that cannot constitute cause.  Nor can any alleged ineffective assistance of PCR counsel constitute cause for the failure to raise any claims other that ineffective assistance of trial counsel.  And, even to the extent Petitioner argues PCR counsel was ineffective for failing to raise certain claims of ineffective assistance by trial counsel, the Report aptly points out that "the PCR court's order of dismissal is seventy-six pages long and addresses twenty-four claims of ineffective assistance of trial counsel, four claims of ineffective assistance of appellate counsel, and two due process violation claims."  [ECF No. 61 at 64.]  In other words, PCR counsel presented many claims in Petitioner's PCR action, and Petitioner's conclusory argument that PCR counsel did not raise everything is unpersuasive in view of the depth and breadth of the issues covered by both the PCR court and PCR counsel.

can be read to again raise errors by the PCR court, the court overrules those objections.

### 2.    Alleged Trial Court Error

Likewise, the only claim from Petitioner's direct appeal is not cognizable in federal habeas. It is unclear if Petitioner meant to allege his direct appeal claim in his Ground One outlining claims of "Judicial error and abuse of discretion[.]"  [ECF No. 1 at 5.]  Most of his claims of court error are not properly preserved or are not cognizable in this action as explained above.  However, Petitioner referenced "Admitting Prior Conviction" within that ground, *see id.*, and, to the extent he is raising his direct appeal claim, it would be available for this court's review were it a cognizable claim.

Petitioner was initially indicted under S.C. Code Ann. § 16-3-655(A)(1) for criminal sexual conduct ("CSC") with a minor in the first degree, but he was subsequently reindicted, based on the same alleged incident, for CSC with a minor in the first degree pursuant to § 16-3-655(A)(2).  *See* ECF No. 40-6 at 47.  The operative differences between those two subsections are the age of the victim and whether the person charged with the offense has a previous conviction for an offense that requires them to register as a sex offender.  And, in his direct appeal, Petitioner claimed that his right to due process was violated when his prior conviction—a "remote 1997 conviction" for lewd act on a minor—was made a required statutory element of the offense when it otherwise would have been inadmissible under the traditional rules of evidence.  *Id.* at 50–63.

The South Carolina Court of Appeals affirmed Petitioner's conviction in a per curiam opinion based on the following authority:

> *State v. Geer*, 705 S.E.2d 441, 449 ([S.C.] Ct. App. 2010) ("In our criminal justice system, the Government retains broad discretion as to whom to prosecute.  [S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." (alteration by court) (citation and internal quotation marks omitted)); *Strickland v.*

11

*State*, 274 S.E.2d 430, 432 ([S.C.] 1971) ("We [have] indicated the fact that a
prosecuting attorney may select which of several offenses with which an accused
may be charged is not constitutionally obnoxious." (internal quotation marks
omitted)); *United States v. Goodwin*, 457 U.S. 368, 382 (1982) ("A prosecutor
should remain free before trial to exercise the broad discretion entrusted to him to
determine the extent of the societal interest in prosecution.  An initial decision
should not freeze future conduct."); *State v. Benton*, 526 S.E.2d 228, 230 ([S.C.]
2000) (indicating the deterrence of repeat offenders is a legitimate state purpose
and the introduction of a prior conviction is not unduly prejudicial in establishing
this element of the crime of first-degree burglary); *id.* at 230 (noting propensity
evidence is not strictly prohibited and may be admissible to establish an element of
the crime other than general character in certain circumstances); *State v. Hamilton*,
486 S.E.2d 512, 514–15 ([S.C.] 1997) (holding because two prior burglary and/or
housebreaking convictions are an element of first-degree burglary under the South
Carolina Code, the defendant cannot require the State to stipulate to the prior
convictions in lieu of informing the jury about the prior convictions).

[ECF No. 40-6 at 88 (cleaned up).]

In his objections, Petitioner argues the introduction of his prior conviction is "[a] clear

violation . . . of Old Chief."  [ECF No. 63 at 3.]  In *Old Chief v. United States*, 519 U.S. 172 (1997),

a sharply divided Supreme Court found a district court abused its discretion by denying a

defendant's request to stipulate that he had been convicted of a felony, a required element of 28

U.S.C. § 922(g)(1), in favor of the government's choice to present the name or nature of the prior

offense.  The Court recognized "the familiar, standard rule that the prosecution is entitled to prove

its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate

or admit his way out of the full evidentiary force of the case as the Government chooses to present

it." 519 U.S. at 186–87.  But, nevertheless, the Court concluded "Congress . . . ha[d] made it plain

that distinctions among generic felonies" were unnecessary to prove that element of § 922(g)(1)

when "the fact of the qualifying conviction is alone what matters under the statute."  *Id.* at 190;

*see also id.* at 191 ("Given these peculiarities of the element of felony-convict status and of

admissions and the like when used to prove it, there is no cognizable difference between the

evidentiary significance of an admission and of the legitimately probative component of the

official record the prosecution would prefer to place in evidence.").

Federal courts have declined to apply *Old Chief* in the federal habeas context because "*Old Chief* does not address a constitutional violation, nor does it impute federal evidentiary standards onto the states." *Cross v. Gonzalez*, No. 13-cv-2202 BAS (JMA), 2015 WL 366481, at *1 (S.D. Cal. Jan. 27, 2015). Accordingly, to the extent Petitioner raises his *Old Chief*-based claim to this court, it is not cognizable.[5] *See Austin v. Bohrer*, Civil Action No.: JRR-22-461, 2024 WL 2273587, *13 n.4 (D. Md. May 20, 2024) ("[B]ecause *Old Chief* interpreted probative value versus prejudicial effect as an evidentiary issue under Federal Rule of Evidence 403[,] [it] is, therefore, not binding on state courts."). Thus, this particular claim of trial court error is not cognizable here despite being raised in Petitioner's direct appeal.

For the reasons outlined above, the court adopts the magistrate judge's conclusions that Petitioner's Ground One, Ground Two (1) to (12) and (15) to (17), Ground Three (1) to (3) and (5) to (7), and Ground Four are barred from review in this action. And the court grants Respondent's motion for summary judgment as to those grounds.

---

[5] Further, arguments based on *Old Chief* were raised to the state appellate court but were rejected. Some of the cases cited in the per curiam opinion specifically address *Old Chief* and distinguish it. For example, in *Hamilton*, the court of appeals concluded that for crimes of first-degree burglary, where prior burglary or housebreaking convictions are clearly an element, "[g]eneric statements about [a defendant's] prior offense by the solicitor would not have been possible." 486 S.E.2d at 515. Further, since Petitioner's appeal, the South Carolina Court of Appeals considered whether a defendant charged under § 16-3-655(A)(2) could "force the State to stipulate to his prior conviction and thwart the State's ability to present his prior conviction to the jury" and found he could not. *State v. Davis*, 876 S.E.2d 321, 323 (S.C. Ct. App. 2022). As explained by the court in *Davis*, "when the existence of a prior conviction constitutes a statutory element of a crime, South Carolina appellate courts have refused to require the State to accept a defendant's offer to stipulate to the conviction." *Id.*

### III.    Preserved Claims

#### A.    Ineffective Assistance of Counsel Standard

Petitioner's preserved grounds concern claims of ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Petitioner must show (1) his trial counsel was deficient and (2) the deficient performance prejudiced his defense. *Id.* at 687. To satisfy the first prong, Petitioner must prove that counsel "made errors so serious" that his representation "fell below an objective standard of reasonableness[.]" *Id.* at 687–88. As to the second prong, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

On habeas review, a claim for ineffective assistance of counsel—"a deferential analysis in its own right—must be viewed through the deferential lens of Section 2254(d)." *Thompson v. Gansler*, 734 F. App'x 846, 853 (4th Cir. 2018); *see also Harrington*, 562 U.S. at 101 (deeming the standards "doubly" deferential "in tandem"). The question for a federal habeas court "is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Thus, while "[s]urmounting *Strickland*'s high bar is never an easy task[,]" proving that "a state's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." The court must "give[] both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

#### B.    Ineffective Assistance of Counsel Claims Related to the Testimony of the Forensic Interviewer and the Introduction of the Forensic Interview

##### 1.    Trial Counsel

Just as he did in his PCR appeal, Petitioner makes claims that both trial counsel and

appellate counsel were ineffective in addressing the testimony by a forensic interviewer and video of a forensic interview with the victim, which were introduced at Petitioner's trial. The PCR court addressed similar claims but rejected them.

As detailed by the PCR court and reproduced in the Report, Dr. Carol Ann Rahter testified at Petitioner's trial as both an expert witness in the area of child sexual assault examinations and also as a fact witness since she conducted the forensic medical exam and the forensic interview of the victim. [ECF No. 40-8 at 45–47.] As an expert, Dr. Rahter's testimony was partially directed to the issue of delayed disclosure by children in sexual abuse cases, which can result in "normal" results upon medical examination due to the fast-healing mucosal tissue in the genital area. *Id.* at 46. According to Dr. Rahter, only ten percent of medical examinations after disclosures of sexual abuse returned abnormal findings. *Id.*

Dr. Rahter further testified as to her factual involvement in this case. *Id.* When Dr. Rahter began to testify as to her interview process with the victim, trial counsel objected and argued "'she should simply say she interviewed the child and put the interview into evidence and let the jury decide for themselves, otherwise she is commenting on the truth or veracity of the interview.'" *Id.* at 48 (quoting ECF No. 40-4 at 30). Trial counsel urged that Dr. Rahter "'should simply say she interviewed the child and put the interview into evidence and let the jury decide for themselves . . . .'" *Id.* (quoting ECF No. 40-4 at 30). But the trial court overruled trial counsel's objection and allowed Dr. Rahter to describe her interview procedure of building rapport, talking about truth, asking open ended questions, and making sure the child feels safe. *Id.* Dr. Rahter then testified the victim disclosed abuse—"she reported that it occurred ten or twenty times in one house." [ECF No. 40-5 at 2.] According to Dr. Rahter, her medical examination of the victim was normal, but that did not rule in or rule out sexual abuse. [ECF No. 40-8 at 48.] The State then introduced the

recording of the forensic interview over trial counsel's objection. *Id.* at 48–49.

Trial counsel cross-examined Dr. Rahter on her role as an advocate as opposed to a neutral actor. *Id.* at 49. He asked her about "'praising the child somewhat'" and also about telling the child she was doing a good job telling the truth during the forensic interview. *Id.* (quoting ECF No. 40-5 at 39). Trial counsel also cross-examined Dr. Rahter on the lack of abnormal findings in the medical exam. *Id.* And he questioned her about other indicia of sexual abuse in children. *Id.* at 49–50. Dr. Rahter agreed with trial counsel that children sometimes make false allegations of sexual abuse. *Id.* at 50.

On redirect examination, Dr. Rahter was asked about the likelihood of deception by a child. *Id.* Also, without specifically referencing her interview with the victim, Dr. Rahter testified she asks certain questions to elicit information and details that a victimized child could answer that an adult would not know to tell them. *Id.*

The PCR court considered multiple claims of ineffective assistance of counsel including: the failure to object to expert qualification by Dr. Rahter, the failure to object to Dr. Rahter's testimony on the percentage of abnormal examinations, the failure to object to Dr. Rahter's testimony regarding the forensic interview process, the failure to object to Dr. Rahter's testimony as hearsay,[6] the failure to object to Dr. Rahter's testimony as bolstering, and the failure to object

---

[6] In his objections, Petitioner asserts that both the PCR court and the Report incorrectly quote the hearsay rule. [ECF No. 63 at 3–4 ("[O]nce again the hearsay rule is incorrectly stated. For the testimony to not be hearsay, it must be _consistent_ with the declarant's testimony. This says inconsistent.").] He is incorrect. The relevant portion of the state evidentiary rule reads as follows:

> A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, or . . . (C) one of identification of a person made after perceiving the person, or (D) consistent with the declarant's testimony in a criminal sexual conduct case or attempted criminal sexual conduct

to introduction of the forensic interview.  The PCR court found Petitioner failed to meet his burden as to any of those claims of ineffective assistance of counsel.

Petitioner challenges the PCR court's findings, arguing trial counsel was ineffective for failing to object to bolstering in Dr. Rahter's testimony and in the forensic interview.  [ECF No. 1 at 12.]  However, as explained in the Report, the PCR court's conclusions were not based on unreasonable determinations of the fact, nor were they the result of an unreasonable application of federal law.  [ECF No. 61 at 69–71.]  The magistrate judge considered and rejected the arguments Petitioner's objections now refer the court to, and the court agrees with and adopts those findings. *Id.*  For instance, as to Petitioner's argument that trial counsel should have objected to Dr. Rahter's testimony about the forensic interview process, the PCR court noted that, at the time of Petitioner's trial, the admissibility of that testimony was consistent with South Carolina law.  *Id.* at 70 (citing ECF No. 40-8 at 58); *see* ECF No. 40-8 at 58 ("Dr. Rahter's limited testimony regarding the interview process did not constitute impermissible bolstering at the time of trial.  To the contrary, Dr. Rahter's testimony compares favorably to the testimony considered in *State v. Douglas*, [671 S.E.2d 606 (2009),] which was found to not contain any bolstering[.]").

Elsewhere, the PCR court noted that Dr.Rahter had "artfully avoid[ed]" giving her opinion on whether the victim was telling the truth.  [ECF No. 40-9 at 2.]  There, too, the PCR court found that Dr. Rahter's testimony was consistent with South Carolina case law regarding what constituted improper bolstering.  *Id.* (comparing Dr. Rahter's testimony to that considered not to

---

case where the declarant is the alleged victim and the statement is limited to the time and place of the incident . . . .

S.C.R.E. 801(d)(1).  Thus, it has been properly quoted previously in this matter.  Although this particular objection does not neatly fit into the court's analysis, to the extent it could relate to this claim, the court now addresses it and overrules it.

be impermissible bolstering in *Briggs v. State*, 806 S.E.2d 713 (2017)). Ultimately, the PCR court concluded trial counsel had no basis to object to the testimony Petitioner claimed was improper bolstering, and, thus, Petitioner failed to show deficiency. [ECF No. 40-8 at 56–59; ECF No. 40-9 at 1–3.]

The PCR court similarly found the forensic interview was admissible under South Carolina law. [ECF No. 40-9 at 12–14.] The PCR court also noted trial counsel did object to the introduction of the interview. *Id.* at 14. Accordingly, the court found Petitioner failed to meet his burden of proof as to either prong of *Strickland* as to that claim.

Petitioner has failed to show by clear and convincing evidence that the PCR court's factual findings were unreasonable. Nor is it this court's province to say that the PCR court incorrectly applied state law as to bolstering and the introduction of the forensic interview. *See Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) ("It is beyond the mandate of federal habeas courts [ ] to correct the interpretation by state courts of a state's own laws."). Further, the PCR court did not unreasonably apply *Strickland*. Indeed, the PCR court's conclusions are consistent with federal law. *See also Knowles v. Mirzyance*, 556 U.S. 111, 127 (2009) ("The law does not require counsel to raise every available nonfrivolous defense."); *McNeill v. United States*, No. 5:18-CR-340-D-1, No. 5:22-CV-66-D, 2022 WL 16936265, at *3 (W.D.N.C. Nov. 14, 2022) ("The Sixth Amendment does not require defense counsel to make meritless objections." (citing *Knowles*, 556 U.S. at 124–26)). As recognized by the PCR court, there was relatively recent case law in South Carolina indicating testimony like Dr. Rahter's was not improper bolstering, and it was not until after Petitioner's case that the law changed. *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) ("A lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent. Nor does counsel fall below *Strickland*'s standard of

reasonableness by failing to anticipate changes in the law, or to argue for an extension of precedent." (internal citations omitted)).  The court also finds it would be hard-pressed to find trial counsel was ineffective for failing to object to Dr. Rahter's testimony on her interview process where the record reflects trial counsel interposed an objection, which was overruled.  Petitioner has failed to meet his § 2254 burden as to trial counsel's performance.

### 2.    Appellate Counsel

During the PCR evidentiary hearing, appellate counsel testified that he did not raise the issue about Dr. Rahter's testimony on her interview process, in part, because the law was not clear at the time.  [ECF Nos. 40-7 at 234; 40-8 at 1–2.]  Further, he felt the claim he raised in Petitioner's direct appeal was "the best avenue for success in this case."  [ECF No. 40-7 at 234.]  The PCR court found appellate counsel was not deficient in pursuing that claim over the preserved issues about Dr. Rahter's testimony, reasoning appellate counsel's "judgment that the propriety and prejudicial value of the forensic interviewer's comments were not clear at the time of the appeal was reasonable."  [ECF No. 40-9 at 26.]  Additionally, the PCR court expressed doubt that appellate counsel would have prevailed had he appealed the admission of Dr. Rahter's testimony on her interview method.  *Id.* at 27.

As to Petitioner's claim that appellate counsel should have raised the admissibility of the forensic interview, the PCR court found no deficiency since the forensic interview was admissible under S.C. Code Ann. § 17-23-175(A).  *Id.*

Again, the court agrees with the magistrate judge that Petitioner has failed to meet his burden under § 2254(d).  He has failed to demonstrate either unreasonable factual findings or an unreasonable application of federal law by the PCR court.  There is no clear and convincing evidence to rebut the presumed correctness of the PCR court's findings of fact.  With respect to

these claims, the PCR court found appellate counsel's testimony to be credible, and the PCR court's credibility findings are entitled to deference here. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Further, the PCR court's conclusion reflects a reasonable application of *Strickland* and other federal case law. *See Smith v. Murray*, 477 U.S. 527, 536 (1986) ("This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983))).

For all of the above reasons, the court agrees with the Report's recommendation that Respondent's motion for summary judgment be granted as to Ground Two (14) and Ground Three (2) and (3) of the petition. Petitioner's objections are overruled, and summary judgment is granted as to these claims.

### B.    Ineffective Assistance of Counsel Claim Regarding the Solicitor's Closing Argument

In Ground Two (13), Petitioner argues trial counsel was ineffective for failing to object to comments during the prosecution's closing argument that he maintains rendered his trial unfair. As with his other preserved claims, this claim was raised to the PCR court but was denied. The specific portions of the State's closing argument that were considered are as follows:

    i.       Solicitor's argument defending her response to the recantation video, and

       her description of the recantation video (Tr. 314–15);

    ii.      Solicitor's argument as to her job versus the jury's job (Tr. 315, ll. 8–9);

    iii.     Solicitor's description of Victim's testimony as presenting details that nobody else could have provided (Tr. 317, ll. 1–6);

    iv.     Solicitor's description of her meeting with Rebecca Ann Jarrard after the recantation video was provided to the State (Tr. 317, ll. 6–10);

    v.     Solicitor's argument against Applicant's denial during testimony (Tr. 318–19);

    vi.     Solicitor's arguments explaining the legislature's reasoning for the law providing for the introduction of the forensic interview (Tr. 320–21);

    vii.     Solicitor's descriptions of the allegations as though they are facts throughout closing;

    viii.    Solicitor's descriptions of testimony and of Victim's statements in the forensic interview;

    ix.     Solicitor's assertion that "[t]he defendant did it" (Tr. 331, line 21);

    x.     Solicitor's final emphasis to the jury: "Don't let Nana win." (Tr. 332, line 19).

[ECF No. 40-9 at 10–11.]  The PCR court ultimately concluded "that the comments made were fair inferences from the evidence presented at trial and did not contain any improper suggestions, insinuations, or improper assertions of personal knowledge." *Id.* at 12.  The PCR court based that conclusion on applicable law from state courts, the Fourth Circuit, and the Supreme Court. *Id.* at 11–12.  Because the PCR court found Petitioner failed to meet his burden as to either prong of *Strickland*, the PCR court denied his claim. *Id.* at 12.

In his objections, Petitioner directs the court to his previous arguments in response to Respondent's motion for summary judgment. *See* ECF No. 63 at 5–6.  These same arguments were considered in the Report, *see* ECF No. 61 at 71–72, and the court agrees with the recommended disposition.  As highlighted there, and as recognized in the PCR court's order of

dismissal, relief is not warranted for merely improper statements. In order to rise to the level of a constitutional violation, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). The PCR court found the statements during the State's closing were fair inferences from the evidence presented, and, having reviewed the closing argument, this court cannot say the PCR court's conclusion is the result of either unreasonable factual findings or an unreasonable application of federal law. *See United States v. Young*, 470 U.S. 1, 11–12 (1985) ("Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding. Instead, . . . the remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error."); *Ashe v. United States*, Civil Action No. DKC 04-3155, 2011 WL 1230830, at *6 (D. Md. Mar. 29, 2011) ("When defense counsel launches an attack on the credibility of the government's witnesses, the government may respond to such allegations by reassuring the jury that the witnesses were truthful.").

Additionally, the court must be mindful that this is not a freestanding claim of prosecutorial misconduct. Rather, there is an added layer to Petitioner's claim since it has been raised as one of ineffective assistance of trial counsel. The record shows that trial counsel objected seven times during the prosecutor's closing arguments—some of his objections were overruled and others were sustained and resulted in additional instructions from the trial judge. [ECF Nos. 40-5 at 90–96; 40-6 at 1–12.] And, with respect to this claim, the PCR court found Petitioner failed to meet his burden of demonstrating either deficiency or prejudice. Petitioner has failed to demonstrate to this court that the PCR court's determination was unreasonable under the § 2254 standard. *See United*

*States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014) ("Attorneys can be selective and strategic without risking an ineffective assistance of counsel claim. . . .  Indeed, it can be positively detrimental to a client's chances not to set priorities but rather to scattershot the case by raising every objection at trial and pressing every imaginable contention on appeal." (internal citations omitted)).  As such, the court finds Respondent is entitled to summary judgment as to this claim, as well.

## CONCLUSION

After a de novo review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 61, as set forth above. Respondent's motion for summary judgment, ECF No. 41, is granted, and the petition, ECF No. 1, is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[7]

IT IS SO ORDERED.

September 16, 2024                                    Sherri A. Lydon
Columbia, South Carolina                      United States District Judge

---

[7] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."